FILED
United States Court of Appeals
Tenth Circuit

April 16, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

CARLESS JONES,

        Movant.

No. 08-1045
(D.C. No. 97-CR-138-JLK)
(D. Colo.)

---

ORDER

---

Before **BRISCOE**, **MURPHY**, and **TYMKOVICH**, Circuit Judges.

---

Carless Jones, a federal prisoner appearing pro se, has filed a motion for remand and a motion for stay, both relating to his attempt to file a motion in district court that the district court properly construed as an unauthorized second or successive 28 U.S.C. § 2255 motion and transferred to this court. We deny the motions.

Jones filed a motion in district court in December 2007, captioned as a motion to vacate under Fed. R. Civ. P. 60(b). He challenged his 2001 sentence for his 1997 convictions for distributing and possessing with intent to distribute cocaine base, claiming it was imposed without jurisdiction and in violation of the Fifth and Sixth Amendments. Jones' original sentence had been reversed and remanded in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). On remand, he was sentenced to a concurrent 240-month term of imprisonment. Jones did not

appeal the resentencing, but did file a § 2255 motion challenging his sentence. The district court denied the § 2255 motion in 2004, and this court denied Jones a certificate of appealability. *United States v. Jones*, 117 F. App'x 702, 704 (10th Cir. 2004).

The government responded to Jones' motion, explaining that Rule 60(b) is for use only in civil proceedings; it does not provide relief from a criminal judgment. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam). In reply, Jones requested the district court to construe his motion as a 28 U.S.C. § 2241 motion, rather than a Rule 60(b) motion. The district court ruled, correctly, that Jones' motion could not be a Rule 60(b) motion, because he was challenging his criminal judgment, nor could it be construed as a § 2241 motion, because such a motion is used to challenge "the execution of a sentence, rather than its validity." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

The district court also correctly explained to Jones that the proper means for him to challenge the validity of his sentence, was to file a § 2255 motion. Because Jones had already filed one such motion, he first needed authorization from this court to file a second § 2255 motion. The district court transferred the matter to this court to give Jones an opportunity to seek such authorization. *See Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997) (per curiam) (permitting district courts to transfer unauthorized second or successive petitions

-2-

to the circuit court under 28 U.S.C. § 1631 if it is in the interest of justice to do so).

Rather than seek authorization, however, Jones filed a motion asking us to remand the matter back to the district court so it can rule on his construed § 2241 motion. He states he has several constitutional and other issues that should be resolved by the district court, including how the drug quantity was calculated. He also asks that the successive action be stayed while the district court rules on the construed § 2241 motion.

A federal prisoner can file a "second or successive" motion under § 2255 only if it is "certified . . . by a panel of the appropriate court of appeals to contain . . . newly discovered evidence . . . or . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3). No matter what title the prisoner puts on the caption of his motion, a post-judgment claim that asserts or reasserts a substantive challenge to a federal prisoner's conviction or sentence filed after a first § 2255 motion has been filed, is subject to this pre-authorization requirement. *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002).

Because Jones is challenging the validity and constitutionality of his sentence, Jones' proposed motion can only be properly construed as a § 2255 motion. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (holding

that the exclusive remedy for testing the validity of a criminal judgment and sentence is that provided for in § 2255, and such remedy is not inadequate or ineffective because a movant is procedurally barred from filing it). The district court lacks jurisdiction to consider Jones' claims unless and until he first obtains authorization pursuant to § 2255(h). *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).

Jones has declined to seek such authorization, and nothing in his motion for remand nor the motion he seeks to file in district court suggests that his claims meet the standards to obtain such authorization. Because he is prohibited from filing his proposed motion in the district court, there is no basis for remanding the matter. Accordingly, the motion for remand and the motion for stay are DENIED, and the matter is TERMINATED.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk