IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Action No. **97-cr-138-JLK**

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.

**CARLESS JONES,**

        Defendant.

## ORDER

Kane, J.

      This matter is before me on Defendant Carless Jones's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(o) (Doc. 173) and Supplement to pro se Motion for Reduction of Sentence (Doc. 179) filed by counsel on Jones's behalf. In these filings, Defendant seeks a reduction of sentence, based on Amendment 706 to the federal Sentencing Guidelines, which lowered the base offense levels applicable to cocaine base ("crack") offenses. Having carefully considered the Motion and Supplement, together with the government's response and the Presentence Investigation Report and Addendum on Motion to Reduce Sentence prepared by the United States Probation Department, I have determined Mr. Jones is eligible for a reduction in sentence and will set, by separate Minute Order, a date for resentencing in early 2009.

      Mr. Jones is eligible for a reduction in sentence because the guideline range under

which he was sentenced on two crack offenses has been reduced by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2); *United States v. Moore*, 541 F.3d 1323, 1327 (11th Cir. 2008)(sentencing range under which defendant sentenced must have been lowered for defendant to be eligible for reduction of sentence under § 3582(c)). Pursuant to § 3582(c)(2), whether or not I grant Jones's request for a reduced sentence and the amount of any reduction is a matter for my discretion to be determined based on consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, provided such reduction is consistent with the applicable policy statements issued by the Sentencing Commission. In commentary on the applicable policy statement, the Sentencing Commission also sets out two additional factors for consideration: "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and the defendant's conduct since imposition of the original term of imprisonment. U.S. Sentencing Guidelines Manual § 1B1.10 cmt. 1.(B)(ii), (iii).[1]

    I set Mr. Jones's resentencing for hearing because I am persuaded by Defendant's arguments and the analysis set forth in *United States v. Ragland*, 568 F. Supp.2d 19 (D.D.C. 2008) that *United States v. Booker*, 543 U.S. 220 (2005), applies in determining any sentence reduction to be granted in this § 3582(c) proceeding, notwithstanding the Sentencing Commission's attempt to limit courts' discretion in any § 3582(c)(2) resentencing to "the minimum of the amended guideline range." *See* U.S.S.G. §

---

[1] The commentary states the court "shall" consider the danger factor and "may" consider the post-sentencing conduct factor. *Id.*

1B1.1(b)(2)(A). For the reasons stated in *Ragland*, however, I hold the Sentencing Commission cannot abrogate the Supreme Court's constitutional determination that the Sentencing Guidelines are advisory. *See Ragland*, 568 F. Supp.2d at 23-27. "To treat the new amended Guidelines range as mandatory – just because the Commission issued a policy statement explicitly attempting to make it mandatory – would be to repeat the constitutional error of the pre-Booker system of mandatory Guidelines under which this defendant originally was sentenced." *Id.* at 27.[2] As a result, I will determine the amount of any reduced sentence under § 3582(c)(2) in accordance with *Booker* and its progeny, i.e., by considering the factors set forth in § 3553(a) and being advised as to the amended guideline range and the various policy statements issued by the Sentencing Commission.

Dated: November 25, 2008            **s/John L. Kane**
                                                       SENIOR U.S. DISTRICT JUDGE

---

[2] In so holding, I clarify the distinction between "retroactive" and "retrospective." *Booker*, it is true, does not apply "retroactively." In resentencing individuals pursuant to any statutory or regulatory authority permitting resentencing, however, we must look back (i.e., "retrospectively") through the lens of a constitutional regulatory apparatus that now provides that the Sentencing Guidelines and the Sentencing Commission policy statements that inform them, are advisory only.