IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Action No. **97-cr-0138-JLK**

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.

**CARLESS JONES,**

        Defendant.

---

**ORDER**

---

Kane, J.

      This matter is before me on Defendant Carless Jones's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(o) (Doc. 173), Supplement to pro se Motion for Reduction of Sentence (Doc. 179) filed by counsel on Jones's behalf, and related briefs. Defendant seeks a reduction of his sentence based on Amendment 706 to the federal Sentencing Guidelines, which lowered the base offense levels applicable to cocaine base ("crack") offenses, either through a resentencing *de novo* under *United States v. Booker*, 543 U.S. 220 (2005) or based on conflicting policy statements of the Sentencing Commission he contends support a greater-than-two-level reduction wholly independent of *Booker*.

      After carefully considering the Motion and Supplement, the government's response and the Presentence Investigation Report and Addendum on Motion to Reduce Sentence prepared by the United States Probation Department, I conclude I am bound by

the Tenth Circuit's narrow view of 18 U.S.C. § 3582(c)(2) that precludes district courts from exercising any discretion under § 3553 or *Booker* to reduce crack cocaine sentences below the two-level reduction provided by the Amended Guidelines. *See United States v. Rhodes*, 549 F.3d 833 (10th Cir. 2008)(scope of a district court's authority in a resentencing proceeding under § 3582(c)(2) "much more narrow" than original sentencing proceedings and is constrained by U.S.S.G. § 1B1.10 to a pre-*Booker* time and pre-*Booker* standard). This view also precludes Defendant's alternate theory of relief, and limits his reduction, in this case, to the two-level reduction authorized by the Amended Guidelines. While I believe the Tenth Circuit's view runs contrary to better reasoned decisions interpreting § 3582(c)(2) in real time to encompass *Booker* and its progeny, resolution of that conflict must wait for another day and a higher court.

### *Discussion*.

Defendant Carless Jones is eligible for a reduction in sentence because the guideline range under which he was sentenced on two crack offenses has been reduced by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2); *United States v. Moore*, 541 F.3d 1323, 1327 (11th Cir. 2008)(sentencing range under which defendant sentenced must have been lowered for defendant to be eligible for reduction of sentence under § 3582(c)). Under the language of § 3582(c)(2), whether or not I grant Jones's request for a reduced sentence and the amount of any reduction is a matter to be determined based on consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, "provided such reduction is consistent with the applicable policy statements

issued by the Sentencing Commission."[1]

Because the Tenth Circuit – erroneously in my view – has held *Booker* inapplicable to sentencing proceedings under § 3582(c)(2), these Commission policy statements are mandatory, not advisory. Accordingly, I may only "substitute" the amended guideline range for the range that existed at the time Defendant was sentenced (leaving "all other guideline application decisions unaffected" (§ 1B1.10(b)(1)) and may not reduce his sentence to a term "less than the minimum of the amended guideline range" (§ 1B1.10(b)(2)(A)).

I pause to reiterate my conviction that *Booker* applies to sentence modifications under § 3582(c)(2) because the Guidelines, however amended, remain advisory under the United States Constitution. The constitutional requirement that the Commission's Guidelines are advisory cannot be abrogated by Commission "policy statements" necessarily ancillary to them. Being forced to engage in the legal fiction of going back, in a post-*Booker* world, to a pre-*Booker* time to "substitute" a new Guideline in a mandatory fashion that has been consitutionally invalidated, reduces me to a ministerial flunky at best and, at worst, intrudes into Article III and violates the separation of powers doctrine. *See e.g. Hayburn's Case*, 2 Dall. (2 U.S.) 409 (1792). I maintain the analyses set forth in

---

[1] The Commission also sets out two additional factors for consideration: "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and the defendant's conduct since imposition of the original term of imprisonment. U.S. Sentencing Guidelines Manual § 1B1.10 cmt. 1.(B)(ii), (iii). The commentary states the court "shall" consider the danger factor and "may" consider the post-sentencing conduct factor. *Id.* The record before me shows substantial positive post-sentencing conduct sufficient unto itself to merit a significant reduction.

*United States v. Ragland*, 568 F. Supp.2d 19 (D. D.C. 2008) and *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007) remain the better reasoned and view *Rhodes* as an aberration. In its absence, I would hold that *Booker* applies to sentence modifications under § 3582(c)(2) and that a complete resentencing under 18 U.S.C. § 3553(a) standards is both appropriate and necessary in this case. *Rhodes*, however, precludes such action.

### *Original Sentencing Guideline Calculations and Sentence.*

Defendant was convicted of Distribution of Cocaine Base (Count 1) and Possession with Intent to Distribute Cocaine Base (Count II) on September 25, 1997. On December 9, 1997, Judge Sparr, who was then the presiding judge, found his relevant conduct involved 165.5 grams of cocaine base, establishing a base offense level 34. Judge Sparr increased the offense level by 2 for possession of a firearm and increased it another 2 levels for reckless endangerment during flight. Because Defendant proceeded to trial he was not entitled to the downward adjustment for acceptance of responsibility. Judge Sparr found that the Total Offense Level was 38 and that Defendant was in Criminal History Category III for a guideline range of 292 to 365 months. Judge Sparr sentenced Defendant to 360 months imprisonment as to Counts I and II to be served concurrently and 5 years supervised release.

As noted in Defendant's Supplement to *Pro Se* Motion for Reduction of Sentence, (Doc. 179), the Tenth Circuit initially affirmed Defendant's conviction and sentence. Defendant petitioned for a writ of certiorari. While the petition was pending, the Supreme Court issued its opinion in *Apprendi v. New Jersey*. Based on the *Apprendi*

decision, the Supreme Court granted, vacated and reversed Defendant's case and remanded the matter back to the Tenth Circuit. The Tenth Circuit reversed Defendant's 360-month sentence and remanded the case to the district court for resentencing. At the resentencing hearing on December 13, 2001, Judge Sparr calculated the guideline range in identical fashion as the original sentencing hearing – 292 to 365 months – but because the statutory maximum sentence for both counts one and two was 240 months, Judge Sparr found that the guideline range was 240 months.[2] Defendant was resentenced to 240 months on each count to run concurrently.

### *Re-Calculation of Sentencing Guideline Range pursuant to § 1B1.10.*

Based on a drug quantity of more than 150 but less than 500 grams of cocaine base, the base offense level is 32. After adding adjustments for possession of a firearm and reckless endangerment during flight, the total offense level is 36. Defendant's revised guideline range, based on a Total Offense Level 36 and a Criminal History Category III, is 235 to 293 months. Because the statutory maximum sentence on both counts of conviction is 240 months, the guideline range becomes 235 to 240 months.

### *Factors for Consideration.*

Consistent with 18 U.S.C. § 3582(c)(2), I shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in Defendant's term of imprisonment is warranted; and (II) the extent of such a reduction, but only within the

---

[2] The Government's contrary position in its Response to Jones's Motion for Sentence Reduction notwithstanding, I disagree Judge Sparr "made a non guideline sentence, going below the agreed on applicable guideline range."

limits described in subsection § 1B1.10(b). In addition, I consider (1) public safety (i.e. the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment) and (2) post-sentencing conduct (the conduct of the defendant that occurred after imposition of the original term of imprisonment).

*Findings.*

Defendant is 51 years old and therefore unlikely to recidivate. I find a reduction in his sentence will not pose a danger to any person or to the community. His post-sentencing conduct has been exemplary. He has a good rapport with staff and inmates, works 35 hours per week as an orderly and receives outstanding work evaluations. Defendant has completed a 40-hour drug education program, a 20-hour anger/stress management program, and a paralegal program. He was also awarded a nontraditional student scholarship in the amount of $472 through the University of Colorado at Boulder.

Because I find the defendant does not pose a danger to any person or the community, and that his post-sentencing conduct does not preclude him from consideration for a reduction of sentence, I GRANT Defendant's Motion for Reduction of Sentence under the provisions of 18 U.S.C. § 3582(c)(2). Defendant has served approximately 145 months of his 240 month sentence, and his post-sentencing conduct has been "near exemplary." Were I not prevented under the binding authority of *Rhodes* from reducing Defendant's sentence below the minimum Guideline range of 235 months, my findings under the applicable § 3553 factors would support a lower sentence.

Unfortunately, I am without authority under applicable law to reduce Mr. Jones's sentence below the minimum Guideline range of 235 months. This I regret; it is clearly an injustice.

Based on all of the foregoing, Defendant's *Pro Se* Motion for Reduction of Sentence (Doc. 173), as supplemented by counsel (Doc. 179), is GRANTED. Defendant's sentence is MODIFIED and REDUCED by five months, to 235 months.


Dated: March 6, 2009　　　　　　　　　　　　　**s/John L. Kane**
　　　　　　　　　　　　　　　　　　　　　　　SENIOR U.S. DISTRICT JUDGE